UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MICHAEL HOWARD HUNTER,

              Petitioner,

    vs.

SPOKANE COUNTY SHERIFF,

              Respondent.

NO. CV-09-166-CI

REPORT AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE

     BEFORE THE COURT is Petitioner's Response to the Order to Show Cause why this habeas action should not be dismissed as unexhausted and why the court should intervene in ongoing state court criminal matters. Petitioner, a prisoner at the Spokane County Jail, is proceeding *pro se* and has paid the filing fee; Respondent has not been served.

     Petitioner contends state criminal charges have been brought against him in retaliation for a lawsuit he has filed. He asserts he did raise his claim of a retaliatory prosecution in an earlier state court petition (rather than in the one identified by this court as currently pending before the Washington State Court of Appeals, Division III). He admits, however, he recently filed a petition on the retaliation issue which will be treated by the Washington State Supreme Court as a Motion to Modify at a hearing set for September 8,

REPORT AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE -- 1

2009.   Therefore, Petitioner has not demonstrated exhaustion of state court remedies.

Petitioner next contends his 28 months in custody constitute an "unreasonable delay" rendering state processes ineffectual and warranting federal intervention.  Mr. Hunter's citations to *Coe v. Thurman*, 922 F.2d 528 (9th Cir. 1990) and *Okot v, Callahan*, 788 F.2d 631 (9th Cir. 1986) do not support his contention.  In *Coe*, the court found the habeas petition was based on an inability to obtain an appeal where the appellate court had delayed review of a conviction for nearly four years.  Petitioner makes no assertion of appellate court delay and presents no facts from which the court could infer any inordinate delays in the processing of his various petitions.  Rather, it appears the length of Mr. Hunter's custody is due to the changing nature of his confinement and treatment.

In addition, Petitioner asserts the bad faith exception to the *Younger* abstention doctrine applies to his case.  He contends state prosecutors are re-charging him in retaliation for a civil rights lawsuit he has filed and invites this federal court to intervene to prevent this prosecution.  Petitioner bases his contentions on a 1979 case from the Fifth Circuit, *Wilson v. Thompson*, 593 F.2d 1375, 1386 (5th Cir. 1979).  However, case law from other Circuits do not bind the District Courts within the Ninth Circuit.

Prosecutions taken in bad faith do fall within the exception to the principles of *Younger* abstention. *Younger v. Harris*, 401 U.S. 37, 49-54 (1971).   In the *Younger* abstention context, however, bad faith "generally means that a prosecution has been brought without a

REPORT AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE -- 2

reasonable expectation of obtaining a valid conviction." *Kugler v. Helfant*, 421 U.S. 117, 126 n. 6.  Here, Petitioner does not identify the charges against him or present facts from which the court could infer there is no reasonable expectation of obtaining a valid conviction.  His conclusory allegations of "bad faith" are insufficient and he fails to demonstrate some other "extraordinary circumstances" exist, such as proceedings pursuant to a "flagrantly" unconstitutional statute, which would warrant federal intervention. *See, e.g., Younger*, 401 U.S. at 49-50, 53-54.

Finally, Petitioner contends his equal protection rights are being violated as he is allegedly the first person in the Eastern District of Washington to be re-charged with a crime after those charges were previously dismissed due to incompetence to stand trial. As these claims may all be pursued in his ongoing state court criminal proceedings, Petitioner's invitation to assert federal jurisdiction should be declined.  Therefore, **IT IS RECOMMENDED** this action be **DISMISSED without prejudice** and all pending motions be **DENIED as moot**.

**OBJECTIONS**

Any party may object to a magistrate judge's proposed findings, recommendations or report within ten (10) days following service with a copy thereof.  Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor.  Any response to the objection shall be filed within ten (10) days after receipt of the objection.  Attention is directed to FED. R. CIV. P. 6(d), which adds additional time after certain kinds

REPORT AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE -- 3

1  of service.

2  A district judge will make a de novo determination of those

3  portions to which objection is made and may accept, reject, or modify

4  the magistrate judge's determination.  The judge need not conduct a

5  new hearing or hear arguments and may consider the magistrate judge's

6  record and make an independent determination thereon.  The judge may,

7  but is not required to, accept or consider additional evidence, or may

8  recommit the matter to the magistrate judge with instructions.  *United*

9  *States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C.

10 § 636(b)(1)(B) and (C), FED. R. CIV. P. 72; LMR 4, Local Rules for the

11 Eastern District of Washington.

12 A magistrate judge's recommendation cannot be appealed to a court

13 of appeals; only the district judge's order or judgment can be

14 appealed.

15 The District Court Executive is directed to enter this Report and

16 Recommendation and forward a copy to Petitioner.

17 DATED June 25, 2009.

18

19                                    S/ CYNTHIA IMBROGNO
                                   _____
20                                 UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28 REPORT AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE -- 4